**Lois BARROW, Appellant,**

v.

**JACK'S CATFISH INN, Appellee.**

**No. 2369.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 26, 1982.

Richard Y. Ferguson, Benckenstein, McNicholas, Oxford, Radford, Johnson & Nathan, Beaumont, for appellant.

Sherry White Ramey, Tekell, Book & Matthews, Houston, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

OPINION

BISSETT, Justice.

This is an appeal from a summary judgment granted in favor of Jack's Catfish Inn, the defendant. Lois Barrow, the plaintiff, filed this action to recover damages for personal injuries sustained when she fell in the defendant's parking lot.

The record reflects that the plaintiff, her husband, and two granddaughters were customers of the defendant's restaurant in the evening of February 25, 1977. As the plaintiff and her family were returning to their automobile in the defendant's parking lot, the plaintiff fell and broke her right ankle. This suit followed.

The defendant filed a motion for summary judgment in which it stated:

"Defendant would show by way of the deposition of Plaintiff taken on October 29, 1979 that Plaintiff does not know what it was that caused her to lose her balance and fall .... Therefore, since Plaintiff has totally failed to raise any issue of material fact as to liability of Defendant Jack's Catfish Inn, Defendant is entitled to a summary judgment as a matter of law."

The trial court granted the defendant's motion and rendered a take nothing judgment against the plaintiff, who has duly and timely appealed. In a single point of error, she contends that the trial court erred in granting the defendant's motion for summary judgment "in that material issues of fact have been raised which have not been disproved by defendant."

The plaintiff contends that material issues of fact exist as to the adequacy of the lighting in the parking lot and the dangerousness of the parking area. In response, the defendant states that the plaintiff "has no idea why she lost her balance and fell and is simply asking the court to speculate or guess as to the reason therefore (sic.)."

We note that the motion for summary judgment was filed on February 23, 1981. The order granting the motion was rendered on April 29, 1981. The deposition of the plaintiff, referred to by the defendant in its motion for summary judgment, was not filed until July 7, 1981. As a general rule, a deposition which was not on file on the date the motion for summary judgment was granted cannot be considered as summary judgment evidence. *Central Texas Decorating Center v. Mutual Savings Institution,* 607 S.W.2d 314, 316 (Tex.Civ. App.—Austin 1980, no writ); *Superior Stationers Corporation v. Berol Corporation,* 483 S.W.2d 857, 860–861 (Tex.Civ.App.— Houston [1st Dist.] 1972, no writ); Rule 166–A(c), T.R.C.P. The plaintiff's deposition was therefore not properly before the trial court.

A motion for summary judgment is a pleading. *United Parcel Service v. Helen of Troy Corporation,* 536 S.W.2d 415, 417 (Tex.Civ.App.—El Paso 1976, no writ); *Perry v. Great Southern Life Insurance Company,* 492 S.W.2d 352, 354 (Tex.Civ. App.—Houston [1st Dist.] 1972). Pleadings do not constitute summary judgment evidence. *Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex.1980). The same rule applied to a motion for summary judgment. *State v. American Legion Post No. 58,* 611 S.W.2d 720, 723 (Tex.Civ.App.—El Paso, 1981, no writ); *Trinity Universal Insurance Co. v. Patterson,* 570 S.W.2d 475 (Tex.Civ. App.—Tyler 1978, no writ). Thus, the references and statements made by the defendant in its motion for summary judgment relating to the plaintiff's testimony in her deposition do not constitute summary judgment proof.

The true purpose of summary judgments is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes,* 488 S.W.2d 64, 68 (Tex.1972); *Newberry v. Tarvin,* 594 S.W.2d 204, 206 (Tex.Civ.App.—Corpus Christi 1980, no writ). Thus, a summary judgment should be granted only if the summary judgment evidence establishes the absence of any genuine issue of fact and the movant's right to judgment as a matter of law. *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972); *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.

1970); *Espinoza v. Victoria Bank & Trust Co.,* 572 S.W.2d 816, 819 (Tex.Civ.App.— Corpus Christi 1978, writ ref'd n.r.e.). The party seeking the summary judgment has the burden of proof, and all doubts as to the existence of a genuine issue of fact are to be resolved against him. *Parrott v. Garcia,* 436 S.W.2d 897, 899 (Tex.1969); *Byke v. City of Corpus Christi,* 541 S.W.2d 661 (1976, no writ).

■ In the case at bar, in order for the judgment to stand, it was incumbent upon the defendant to establish as a matter of law, that it will prevail in a trial on the merits because there is no genuine fact issue as to at least one element of the plaintiff's cause of action. The defendant, in effect, must negate the plaintiff's right to recover damages for the personal injuries sustained by offering acceptable summary judgment proof which shows that it (the defendant) is entitled to judgment as a matter of law. Summary judgments are not to be granted on default of the opponent, but only on the merit of the summary judgment evidence. *Swilley v. Hughes,* supra, at page 68.

■ The only summary judgment evidence properly before the trial court at the time judgment was rendered consisted of the plaintiff's answers to the defendant's interrogatories, the defendant's answers to plaintiff's interrogatories and requests for admissions, and an affidavit of the plaintiff's husband, which was attached to the plaintiff's response in opposition to the defendant's motion for summary judgment. We have carefully examined all of this evidence. The answers to the interrogatories concern only the background of the parties, information relating to the injuries sustained by the plaintiff and treatment therefor, and the general health and medical information of the plaintiff. None of such answers relate to the cause of the plaintiff's fall nor to the issue of adequate lighting in the parking lot. The affiant, in his affidavit, said: "To me, the parking lot was too dark, no lighting for that area of the parking lot at all."

We hold that the trial court erred in granting the defendant's motion for summary judgment. At least two material issues of fact remain unresolved, namely, 1) what caused the plaintiff to fall, and 2) was the lighting in the parking lot adequate?

The judgment of the trial court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.