**HERNDON MARINE PRODUCTS, INC., et al., Appellants,**

v.

**SAN PATRICIO COUNTY APPRAISAL REVIEW BOARD, et al., Appellee.**

**No. 13–84–338–CV.**

Court of Appeals of Texas, Corpus Christi.

April 25, 1985.

Rehearing Denied May 23, 1985.

Wilson Calhoun, Meredith & Donnell, Corpus Christi, for appellants.

Russell R. Graham, Calame, Linebarger & Graham, Austin, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment. This case arises under the provisions of the Texas Property Tax Code.[1] Appellants, Herndon Marine Products, Inc., et al (hereinafter referred to collectively as "Taxpayers"), were plaintiffs in the trial court. Appellees, San Patricio Appraisal Review Board, et al (hereinafter referred to collectively as "Tax Assessors"), were defendants.

The suit was filed primarily as a petition for review of tax assessments pursuant to Section 42.21 of the Code. The Taxpayers sought judicial review of the actions of the Tax Assessors in denying an allocation of the value of their properties under Section 21.03 of the Code.

Both parties filed motions for summary judgment. Taxpayers' motion was denied, while the Tax Assessors' motion was granted. Taxpayers' first three points of error complain that the trial court erred in granting Tax Assessors a summary judgment, and their last three points of error complain that the trial court erred in denying Taxpayers' motion for summary judgment. We reverse the summary judgment.

Tax Assessors filed a cross-petition for declaratory judgment against the Attorney General of the State of Texas and the State Property Tax Board. Tax Assessors requested that the trial court declare Sections 21.03 and 21.031 of the Code and State Property Tax Board Rule 237.08.00.008 unconstitutional, based upon Article VIII, Sections 1 and 2 of the Texas Constitution. The trial court's disposition of the case made a ruling on the cross-petition unnecessary; therefore, the Attorney General and the State Property Tax Board are not parties to this appeal.

Taxpayers are owners of shrimping vessels that are subject to taxation in the City of Aransas Pass and in the Aransas Pass Independent School District. The city and

---

1. All statutory citations are to the TEX.TAX CODE ANN., Title 1: State Property Tax Code (Vernon 1982), which will hereinafter be referred to as the "Code."

the school district were defendants in the trial court, along with the San Patricio County Appraisal District (hereinafter referred to individually as "Appraisal District") and the San Patricio County Appraisal Review Board (hereinafter referred to individually as "Review Board").

Under the statutory scheme set out in the Code, the appraisal district in each county is responsible for appraising the value of the property in the county for ad valorem tax purposes of the state and of each taxing unit in the county. The appraisal review board in each county is responsible for reviewing taxpayer protests regarding the appraisals made by the appraisal districts. If a taxpayer is dissatisfied with a review board's determination of a protest, the Code provides a procedure for obtaining judicial review of the review board's determination in district court by a petition for review.

Tax Assessors' motion for summary judgment was granted based upon Taxpayers' alleged failure to comply with Section 42.06 of the Code. This section reads as follows:

Section 42.06. Notice of appeal

(a) *To exercise his right of appeal, a party must file written notice of appeal within 15 days after the date he receives the notice required by Section 41.47* or, in the case of a taxing unit, by Section 41.07 of this code that the order appealed has been issued.

(b) The notice must be filed with the body that issued the order appealed.

(c) If the chief appraiser, a taxing unit, or a county appeals, the body with which the notice of appeal is filed shall deliver a copy of the notice to the property owner whose property is involved in the appeal within 10 days after the date the notice is filed.

(d) On the filing of a notice of appeal, the chief appraiser shall indicate where appropriate those entries of the appraisal records that are subject to the appeal. (Emphasis added.)

The trial court ruled that the failure of the Taxpayers to comply with this provision barred them from pursuing their petition for review.

■ In their first point of error, Taxpayers argue that they were not required to comply with Section 42.06(a) because the Tax Assessors had not complied with the notice requirements of Section 41.47. Therefore, the trial court erred in granting the Tax Assessors' motion for summary judgment. We agree. Section 41.47 prescribes the procedure to be followed by a review board in issuing a determination of assessment protests. It reads in full as follows:

§ 41.47 Determination of Protest

(a) The appraisal review board hearing a protest shall determine the protest and make its decision *by written order.*

(b) If on determining a protest the board finds that the appraisal records are incorrect in some respect raised by the protest, the board by its order shall correct the appraisal records by changing the appraised value placed on the protesting property owner's property or by making the other changes in the appraisal records that are necessary to conform the records to the requirements of law.

(c) The board shall determine all protests before it before approval of the appraisal records as provided by Subchapter A of this chapter.

(d) *The board shall deliver by certified mail a notice of issuance of the order and a copy of the order to the property owner and the chief appraiser.* (Emphasis added.)

Subsection (d) plainly requires a review board to send the taxpayer a notice of the issuance of the order *and* a copy of the order. By the terms of section 42.06(a), the legislature made the obligation of the taxpayer dependent upon the review board's compliance with section 41.47. It is the taxpayer's receipt of the notice required by this section that triggers the running of the fifteen-day period in which the taxpayer must file a notice of appeal with the body which issued the order. Absent such notice, the Taxpayer does not know when his time for appeal begins to run.

In the instant case, the Taxpayers contend that there was no evidence that the Review Board complied with section 41.-47(d) by providing a copy of the order of determination of the protests to Taxpayers or their agents. Because of Tax Assessor's failure to prove compliance with the notice requirements of section 41.47(d), Taxpayers argue their duty to comply with section 42.06(a) (15 days within which to appeal) had not arisen, and it was error on the part of the trial court to grant a summary judgment against them.

■ It has generally been held that notice is a question of fact to be determined by the trier of fact, and it only becomes a question of law when there is no room for ordinary minds to differ as to the proper conclusions to be drawn from the evidence. *Crystal City Independent School District v. Crawford,* 612 S.W.2d 73, 75 (Tex.Civ. App.—San Antonio 1981, writ ref'd n.r.e.) (a pre-Code assessment case); *see Exxon Corp. v. Raetzer,* 533 S.W.2d 842, 846 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). In the instant case, the issue of whether or not the Taxpayers received sufficient notice under Section 41.47(d) was an issue of material fact.

The Tax Assessors initially submitted three affidavits as summary judgment evidence of the Review Board's compliance with Section 41.47(d). The affidavits state, in pertinent part:

1) "... My name is Jo Ann Tumlinson ... I am employed as the secretary to ... John W. Hunt, Jr., Chairman of the San Patricio County Appraisal Review Review Board. At the request of Mr. Hunt, on or about July 26, 1983, *I delivered by certified mail,* return receipt requested *notices of determination of the Appraisal Review Board* concerning all of the Plaintiffs in this suit ... I have received no written notices of appeal from any Plaintiff in this suit as of the date of this affidavit." (Emphasis added.)

2) "... My name is John W. Hunt, Jr ... I am Chairman of the San Patricio County Appraisal Review Board ... At my request the secretary of the Board, Mrs. Jo Ann Tumlinson *sent notices of the orders determining their protests by certified mail,* return receipt requested on or about July 26, 1983. As of the date of this affidavit no written notice of appeal has been received by my Board from any of the Plaintiffs in this suit." (Emphasis added.)

3) "... My name is Bennie Stewart ... I am employed by the San Patricio County Appraisal District as Chief Appraiser. After the San Patricio County Appraisal Review Board ruled on the protest submitted by the Plaintiffs in this case *a notice of the Board's determination was sent by certified mail,* return receipt requested *to each plaintiff....* As of the date of this affidavit no written notice of appeal has been filed with this office by any Plaintiff in this suit." (Emphasis added.)

In their response to Taxpayers' motion for summary judgment, the Tax Assessors submitted another affidavit by Bennie Stewart which states, in relevant part: "[c]onsequently, *pursuant to Section 41.47(d)* of the Property Tax Code, *all notices* of the Appraisal Review Board's decision *were sent* directly to the Plaintiff property owners by certified mail...." (Emphasis added.)

■ To be entitled to a summary judgment, the movant must *conclusively* prove all the essential elements of his claim or defense. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Nautilus Training Center No. 2 v. Seafirst Leasing Corp.,* 647 S.W.2d 344, 347 (Tex.App.—Corpus Christi 1982, no writ). Thus, a summary judgment should not be granted unless the summary proof establishes that no genuine issues of fact exist and that the movant is entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); *Barrow v. Jack's Catfish Inn,* 641 S.W.2d 624, 625 (Tex.App.—Corpus Christi 1982, no writ). The party seeking the summary judgment has the burden of proof, and the summary judgment evidence

must be viewed in the light most favorable to the non-movant. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

■ Appellees' motion for summary judgment was based upon section 42.06(a), and, thus, appellees had the clear burden to conclusively establish by their summary judgment evidence that they had complied with the notice provisions. Because section 42.06(a) (notice of Board's decision), by its terms, requires compliance with Section 41.47, Tax Assessors also had the burden to conclusively prove that they had fully satisfied all of the requirements of Section 41.47.

■ In order to satisfy their burden under Section 41.47(d), Tax Assessors had to prove that the Review Board sent both a notice of the issuance of the order and a copy of the order to each property owner. The first three affidavits only refer to sending notice of the issuance of the Review Board's determination and made no mention of sending a copy of the order. The fourth affidavit refers to sending notices "pursuant to Section 41.47." It is not clear from this language whether the affiant meant that only notice of the issuance of the order was sent because it is required by Section 41.47 or that the notification was sent in full compliance with Section 41.47. Tax Assessors' affidavits merely furnish grounds for an inference that the Taxpayers were sent the proper notice. The language is ambiguous and does not conclusively prove compliance with the notice requirements. In a summary judgment case, any doubt as to the existence of a question of fact must be resolved in favor of the party opposing the motion. *Great American Insurance Co.*, at 47; *Barrow v. Jack's Catfish Inn*, 641 S.W.2d at 626.

While we do not agree with appellant that there was no evidence of the Review Board's compliance with Section 41.47, we find that Tax Assessor's summary judgment proof was insufficient to prove, as a matter of law, that they had fully complied with Section 41.47(d), which was a prerequisite to their entitlement to a summary judgment under 42.06(a).

In their brief, Tax Assessors argue that appellants' motion for summary judgment was not sufficient to raise the question of the existence of a genuine issue of material fact. Appellees point out that none of the seventy-three affidavits submitted by appellants even hinted that proper notice had not been sent to each appellant. Appellees' argument misplaces the burden of proof. The Tax Assessors had the burden of proof on their motion for summary judgment under 42.06(a).

■ It is elementary that, if the movant's evidence only serves to raise a fact issue, the movant's proof is insufficient as a matter of law, and the opponent of the motion need not offer contradictory proof. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); *Nautilus Training Center No. 2*, 647 S.W.2d at 347. In summary judgment proceedings, the opponent's silence never improves the quality of the movant's evidence. *Swilley* at 67. The Taxpayers had no burden to prove that proper notice was not sent to them.

Appellees also argue that granting the summary judgment was proper because failure to timely file the notice of appeal required by Section 42.06 deprives the court of jurisdiction to hear the appeal and cite us to *Rockdale Independent School District v. Thorndale Independent School District*, 681 S.W.2d 225 (Tex.App.—Austin 1984, writ ref'd n.r.e.). In that case, the court held that the requirements of Section 42.06 must be "strictly adhered to and failure to do so results in the noncomplying party's losing the right to challenge the decision." *Id.* at 227.

The *Rockdale I.S.D.* case is not on point because the question in that case regarded the date the Review Board received the appealing party's notice of appeal and whether that date was within the fifteen-day period. There was no question in that case regarding the adequacy of the notice sent to the appealing party, and, thus, no question about the date the fifteen-day period began to run.

In their third point of error, appellants argue the trial court erred in granting the Tax Assessors' motion for summary judgment based upon the Code because appellants also asserted separate constitutional claims. The relevant statutory provision on this point is Section 42.09 of the Code which reads, in relevant part: "(t)he procedures prescribed by this title for adjudication of the grounds of protest by this title are exclusive...." Appellants argue that this provision does not provide a defense to their constitutional claims.

The statutory scheme for property tax assessments which existed prior to the passage of the Code often did not provide taxpayers with adequate remedies at law; therefore, courts developed equitable remedies in order to provide taxpayers with due process protections. Courts held that property tax assessments were subject to collateral attack if the valuations were grossly excessive or if the assessment had not been ascertained as provided by law. *See City of Waco v. Conlee Seed Co.*, 449 S.W.2d 29, 31 (Tex.1969); *Johnson v. Holland*, 17 Tex. Civ.App. 210, 43 S.W. 71, 72 (1897, writ ref'd). Appellants argue these grounds for collaterally challenging tax assessments are still available despite Section 42.09.

Chapter 41 of the new Code prescribes the procedure for protesting an assessment before the review boards, and Chapter 42 prescribes the procedure for seeking judicial review of review boards' determinations. These new procedures provide taxpayers a legal remedy for improper property tax assessments. In *Brooks v. Bachus*, 661 S.W.2d 288, 290 (Tex.App.—Eastland 1983, writ ref'd n.r.e.), the Court of Appeals held that the detailed provisions of the Code which provide for the right of protest, notice of hearings, hearings on protests, determination of protests, notice of appeal and petitions for review meet the requirements of due process, and are, therefore, the exclusive remedies available to taxpayers. The Eastland Court held that, since the statutory procedures satisfy due process requirements, taxpayers who do not avail themselves of these procedures will be precluded from collaterally attacking property tax assessments. *Id.* We agree with the Eastland Court in *Brooks v. Bachus*, and hold that Section 42.09 precludes the appellants from challenging the determination of the review board by any other process other than the one prescribed in Chapter 42 of the Code.

Appellants cite us to only pre-Code authority for their position that the statutory remedies are not exclusive. These pre-Code cases hold that taxpayers may collaterally attack decisions by the old Boards of Equalization if the taxpayer has suffered a wrong of constitutional magnitude, even though a statute provides that the Board of Equalization's decision is final. *City of Waco v. Conlee Seed Co.*, 449 S.W.2d at 31. Under the new Code, it is not necessary for the taxpayers to collaterally attack decisions of the new review boards. Individual taxpayers may now attack any decision of a review board as long as they follow the proper statutory procedures in appealing the decision of the boards. Appellants' third point of error is overruled. We also overrule appellants' other points of error because they are not now dispositive of this appeal. TEX.R. CIV.P. 451. The judgment of the trial court is reversed, and the cause is remanded for trial.