Oscar TORRES, Appellant,

v.

The LAREDO NATIONAL
BANK, Appellee.

No. 13–86–106–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Sept. 30, 1986.

Oscar J. Pena, Sr., Laredo, for appellant.

Roy C. Brock, Aaron L. Jackson, San Antonio, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment. Appellant Oscar Torres sued The Laredo National Bank, his former employer. Appellant's Original Petition alleged, among other things, that he was falsely accused of complicity in a robbery at appellee bank, that these accusations were recklessly published to many people in the com-munity, that he was placed in isolation in a bank vault and cut off from all communications, that he was humiliated and embarrassed, that his privacy was invaded, and that money rightfully belonging to him was appropriated by the bank. The bank moved for summary judgment after the deadline for discovery passed. The trial court granted the motion, rendering judgment that appellant take nothing.

The bank's motion for summary judgment contended, "There is no genuine issue of a material fact and the Defendant is entitled to a Judgment as a matter of law because the summary judgment evidence establishes that the Defendant has not communicated any defamatory statement to a third party." After directing the trial court's attention to the pleadings and depositions on file, the bank's motion alleged, "The Plaintiff has not and cannot present any facts or other evidence that Defendant has communicated to any third party any defamatory statement regarding the Plain-tiff." Appellee bank then prayed that a take-nothing judgment be rendered against appellant. No mention of the other allegations in appellant's Original Petition was made in the bank's motion. The trial court granted the motion and stated in its "Final (Summary) Judgment," "It is FURTHER ORDERED, ADJUDGED AND DECREED that all relief prayed for in this cause and not specifically granted herein is denied."

The movant for summary judgment must conclusively establish that he is entitled to judgment as a matter of law on all the issues expressly presented to the trial court. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166–A(c). Where the grounds expressly presented to the trial court are insufficient as a matter of law to support summary judgment, then the non-movant need not even answer or respond to the motion for summary judgment. *See Clear Creek* at 678; *Floyd v. Willacy County Hospital*

*District,* 706 S.W.2d 731, 734 (Tex.App.—Corpus Christi 1986, no writ).

 In the instant case, the movant bank did not present any argument to the trial court regarding appellant Torres' allegations regarding false imprisonment, invasion of privacy, and other causes of action. It certainly did not negate all material fact issues regarding these claims. Judgment as a matter of law may not be granted on a cause of action not addressed in a summary judgment proceeding. *Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563, 564 (Tex.1983). We therefore sustain appellant's first point of error, which complains that the trial court erred in granting summary judgment for appellee. Because there was no severance of appellant's cause of action for defamation, and the summary judgment purported to be final in denying all relief requested, we do not reach the merits of the summary judgment as to the defamation claim. *See Saxer v. Nash Phillips—Copus Company Real Estate,* 678 S.W.2d 736, 739 (Tex.App.—Tyler 1984, writ ref'd n.r.e.).

Appellant's second point of error contends that the trial court erred in striking appellant's first and second amended petitions and appellant's affidavits in opposition to the motion for summary judgment. The record does not reflect that appellant's affidavits were struck. We overrule this point as to appellant's affidavits. Appellant's amended petitions, on the other hand, were ordered struck by the trial court. The docket entries of the trial court reflect that a docket control conference was held on December 13, 1984, and that the court set the deadline for amended pleadings at May 31, 1985. Appellant's amended petitions were filed July 29 and August 1, 1985. The order striking appellant's amended petitions states that the pleadings attempted to add new causes of action for breach of employment contract, invasion of privacy, false imprisonment, and intentional infliction of emotional distress.

TEX.R.CIV.P. 166 expressly authorizes the trial court to enter an order setting a deadline for amended pleadings. Although we find that the appellant's original petition fairly alleges at least invasion of privacy and false imprisonment, the trial court did not abuse its discretion in striking pleadings which were filed after the deadline set by the trial court. *See Valdez v. Lyman-Roberts Hospital, Inc.,* 638 S.W.2d 111, 117 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Appellant's second point of error is overruled.

The judgment of the trial court is reversed, and the cause is remanded for trial.