**Roy C. NICHOLSON, Appellant,**

v.

**MEMORIAL HOSPITAL SYSTEM and Southeast Memorial Hospital, Appellees.**

No. B14-86-239-CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 11, 1986.

Rehearing Denied Jan. 15, 1987.

John Milutin, Elliott M. Cin, Houston, for appellant.

Doreen Z. Bartlett, David R. Iler, Houston, for appellees.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is a case of man bites dog. Appellant, apparently angered by the barking of a dog in a parked truck, approached the truck and bit the dog. The owner of the dog, apparently angered by the unprovoked attack on his best friend, approached Appellant and broke his jaw. Appellant's complaint however, is not against the dog or its owner, but instead Appellant sued Appellees for negligence in their care and treatment of his fractured mandible. The trial court entered a summary judgment in favor of these Appellees, severed Appellant's case against Dr. Naficy, and this appeal followed. We affirm.

Appellant arrived at the emergency room of Appellee hospital (Appellees will hereafter be referred to collectively as "the Hospital") on April 30, 1982. He had no family physician and requested that someone at the hospital recommend a doctor to treat him. Dr. Naficy, a physician who had staff privileges at that hospital was contacted and he admitted Appellant into the Hospital in the early hours of May 1, 1982. Dr. Naficy then performed a total of four operations on Appellant to repair his fractured mandible. During his hospitalization Appellant developed a tissue infection in his mouth and ultimately left the Hospital against medical advice on June 12, 1982. Appellant then sued the Hospital and Dr. Naficy for negligence in connection with the infection. He alleged the Hospital was negligent in recommending Dr. Naficy, in failing to keep his wound clean, in failing to keep his room clean and in failing to properly and timely change his dressings. He further alleged Dr. Naficy was negligent in his treatment of the wound and the infection.

The Hospital filed a Motion for Summary Judgment alleging that the summary judgment evidence established as a matter of law that the Hospital was not vicariously liable for any negligence of Dr. Naficy; that the Hospital was not negligent in recommending Dr. Naficy, in keeping Appellant's wound and hospital room clean, or in changing the dressings on Appellant's wound. The trial court granted the motion and severed the cause of action against Dr. Naficy thus allowing this summary judgment to become final.

Appellant asserts that the trial court erred in finding no material fact questions on the issues of the Hospital's vicarious liability and its liability for its independent negligence. Hospital's summary judgment evidence included the affidavits of the administrator of Southeast Memorial Hospital and two physicians. Appellant filed a sworn Response to the Motion for Summary Judgment which incorporated portions of three depositions. Two of these depositions were not filed until after the Motion

for Summary Judgment was granted. Appellant complains that those two depositions should be part of the appellate record.

■ To be used as summary judgment evidence, depositions must be signed and filed with the trial court at the time the motion is heard. *Velde v. Swanson,* 679 S.W.2d 627, 630 (Tex.Civ.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). The trial court considers the record only as it properly appears when the motion for summary judgment is heard. *Brown v. Prairie View A & M University,* 630 S.W.2d 405, 411 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The two depositions were not part of the record before the trial court and will not be considered on this appeal. *Lee v. McCormick,* 647 S.W.2d 735, 736 (Tex.Civ.App.—Beaumont 1983, no writ).

■ Appellant asserts that the exerpts from these depositions should be considered because they were included in his sworn Response. We disagree. Pleadings do not constitute summary judgment evidence. *Hidalgo v. Surety Savings & Loan Association,* 462 S.W.2d 540, 545 (Tex. 1971); *Barrow v. Jack's Catfish Inn,* 641 S.W.2d 624 (Tex.App.—Corpus Christi 1982). A Motion for Summary Judgment is a pleading. *Id.* Similarly, a Response to a Motion for Summary Judgment is a pleading. Therefore, the references and statements made by Appellant in his Response, which relate to deposition testimony that was not a part of the record, do not constitute summary judgment evidence. *Id.*

■ The third deposition was Appellant's and it will be considered as proper summary judgment evidence. It was on file with the trial court at the time of the summary judgment hearing and the trial court apparently considered it when granting the motion. The Hospital claims that Appellant's deposition is not proper summary judgment evidence because it is not signed by the deponent as required by Rule 166-A of the Texas Rules of Civil Procedure. However, we find that the parties stipulated when the deposition was taken that the signature was waived. Under Rule 205 of the Texas

Rules of Civil Procedure, where the signature is waived, the deposition "may then be used as fully as though signed". Tex.R. Civ.P. 205. Thus, a deposition is admissible in evidence where the signature of the witness has been waived. *Zamora v. Romero,* 581 S.W.2d 742, 748 (Tex.Civ.App.— Corpus Christi 1979, writ ref'd n.r.e.). Therefore, the deposition of Appellant is proper evidence to be considered in reviewing this summary judgment.

■ Appellant asserts in his first point of error that the trial court erred in finding no material fact issue as to whether Dr. Naficy was the ostensible agent of the Hospital. Appellant asserted ostensible agency for the first time in his Response to the Motion for Summary Judgment. The doctrine of ostensible or apparent agency is a form of estoppel and must be pled in accordance with Rule 94 of the Texas Rules of Civil Procedure. Tex.R.Civ.P. 94; *Southline Equipment v. National Marine Service, Inc.,* 598 S.W.2d 340, 342 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ). If the affirmative defense is not specifically pled, but competent summary judgment evidence establishes a genuine issue of material fact with regard to that affirmative defense, summary judgment is improper. *Womack v. Allstate Insurance Co.,* 156 Tex. 467, 296 S.W.2d 233 (1956). However, merely *raising* an affirmative defense will not prevent the rendering of a summary judgment. A genuine issue on *each* element of that affirmative defense must be raised by competent summary judgment evidence. *Brownlee v. Brownlee,* 665 S.W.2d 111 (Tex.1984); *Donaldson v. Vista Community Improvement Association,* 718 S.W.2d 815 (Tex.App.—Corpus Christi, 1986). Therefore, Appellant had the burden to plead the affirmative defense of ostensible agency and to establish a material issue of fact on each of the elements of ostensible agency. He failed to do so.

■ Appellant relies heavily on *Brownsville Medical Center v. Gracia,* 704 S.W.2d 68 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.) to support his argument that the evidence raises fact issues con-

cerning the applicability of ostensible agency to the facts of this case. There are three essential elements which must be proven in order to establish ostensible agency: (1) The third party must have a reasonable belief in the agent's authority; (2) The belief must be generated by some holding out by act or neglect of the principal and; (3) the third party must justifiably rely on the representation of authority. *Ames v. Great Southern Bank,* 672 S.W.2d 447 (Tex.1984); *Brownsville Medical Center v. Gracia,* 704 S.W.2d 68 (Tex. App.—Corpus Christi 1985, writ ref'd n.r. e.). In *Gracia,* the hospital had contracted with a group of physicians to staff its emergency room. The emergency room physician who rendered the allegedly negligent treatment was hired by that group of doctors. Patients entering the emergency room typically did not ask for a doctor by name, they simply came to the emergency room expecting a doctor to give them emergency care. There was no way for a patient entering the emergency room to know whether the treating physician was an independent contractor or employee of the hospital. Further, the hospital directly billed the patients for the services of the emergency room doctor, as well as for other services rendered in the emergency room. The *Gracia* court found that the presence of *all these factors* raised a material fact question on the issue of ostensible agency.

■ The record in the case at bar reflects that there was no summary judgment evidence of these factors. The physician, Dr. Naficy, was not an emergency room physician. He was an independent physician with medical staff privileges which allowed him to admit and treat his private patients in the Hospital. There was no contractual relationship between Dr. Naficy and the Hospital. Dr. Naficy billed his patients directly for his services and received no remuneration from the Hospital. The Hospital made no representations to the public concerning Dr. Naficy. Further, Appellant was free to choose any physician to treat his condition. Appellant told "someone" at the hospital that he had no family physician and requested a refer-

ral. This unknown person gave him Dr. Naficy's name as a doctor with privileges at the Hospital and, upon Appellant's request, that person contacted Dr. Naficy. Appellant did not receive treatment from Dr. Naficy in the emergency room. Also, Dr. Naficy admitted Appellant into the Hospital as his private patient.

We have reviewed the entire record and without commenting upon the correctness of the decision in *Brownsville Medical Center v. Gracia* or whether Appellant's pleadings were broad enough to support his ostensible agency argument, we hold that the facts of this case are distinguishable from those in which ostensible agency has been found. Appellant failed to raise a fact issue on each element of the affirmative defense of ostensible agency. Appellant's first point of error is overruled.

In his second point of error Appellant asserts that the trial court erred in finding no genuine issue of material fact as to whether the Hospital negligently failed to exercise reasonable care in recommending Dr. Naficy, and negligently failed to keep Appellant's wound and hospital room clean and/or change the dressing on Appellant's wound.

■ The Hospital presented the depositions of two physicians as summary judgment evidence. Dr. Maldonado is the oral surgeon who treated Appellant after he left the Hospital. Dr. Musher is a specialist in internal medicine and infectious diseases. Dr. Maldonado's deposition negated Appellant's allegations that the Hospital was negligent in recommending Dr. Naficy to treat Appellant. Dr. Maldonado stated that Dr. Naficy, as a plastic surgeon, had the necessary skill and knowledge to treat Appellant's injury. He also testified that it was appropriate for a plastic surgeon to care for such an injury and that the surgical procedure performed by Dr. Naficy was the appropriate treatment for Appellant's condition.

■ The deposition testimony of both Dr. Maldonado and Dr. Musher negated the

essential element of proximate cause with regard to Appellant's contentions that the Hospital's negligent care of Appellant caused or aggravated the infection in his mouth. They both stated that the infection originated from bacteria normally present in Appellant's mouth and that it was not caused by any act or omission of the Hospital or its employees. Further, Dr. Musher stated that the condition of the hospital room had no effect on the infection and that any delay or failure to change the dressing or clean the wound had no relationship to the development or progression of the infection.

In response, Appellant presented no evidence that the Hospital failed to exercise reasonable care in recommending Dr. Naficy or that the Hospital breached any required standard of care. In fact, the only summary judgment evidence Appellant offered was his own deposition asserting his conclusions that the negligence of the Hospital caused his infection. In a medical negligence action, proximate cause is an element which must be proven by expert testimony. *Ortiz v. Santa Rosa Medical Center,* 702 S.W.2d 701, 705 (Tex. Civ.App.—San Antonio 1985, writ ref'd n.r. e.); *Stanton v. Westbrook,* 598 S.W.2d 331, 333 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Mere conclusions of a lay witness are not competent evidence and cannot be considered for the purpose of controverting expert opinion evidence. *Milkie v. Metnie,* 658 S.W.2d 678, 680 (Tex. Civ.App.—Dallas 1983, no writ); *Duncan v. Horning,* 587 S.W.2d 471, 474 (Tex.Civ. App.—Dallas 1979, no writ). The Hospital met its burden of negating the essential elements of each of Appellant's causes of action. Appellant failed to meet his burden of producing controverting evidence to raise a fact issue on these negated elements. Therefore, the Hospital was entitled to summary judgment as a matter of law. Appellant's second point of error is overruled. Accordingly, the judgment of the trial court is affirmed.