**Arlene RATH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–349–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 21, 1990.

Rehearing Overruled March 15, 1990.

John C. Werner, Houston, for appellant.

Jim Mattox, Atty. Gen., Edward A. Jeffords, Asst. Atty. Gen., and Richard D. Naylor, Chief, Highway Div., Atty. General's Office, Austin, for appellee.

Before BENAVIDES, UTTER and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

Arlene Rath sued the State of Texas for damages for personal injuries she received in a one-car accident on a State highway. The trial court entered a summary judgment for the State based on a finding that notice of the claim was not presented within the statutory six-month period. By three points of error, Rath appeals, contending that the trial court erred in granting the State's motion for summary judgment. We affirm the judgment of the trial court.

Rath was injured in a one-car accident on a State highway on August 1, 1985. She filed suit against the State of Texas on July 8, 1986, alleging that her car struck a pothole on the edge of the road and swerved out of control, resulting in injuries to her. Rath noticed the depositions of an employee of the State Department of Highways and Public Transportation for January, 1986, (the notice was filed December, 1986, and although it notices the deposition for January, 1986, we assume that the deposition was intended to be taken January, 1987), and of an employee of the Texas Department of Public Safety for April, 1987.

On April 14, 1989, the State filed its motion for summary judgment claiming that it was entitled to immunity under the Texas Tort Claims Act and that Rath's suit was barred because she did not file suit or notify the State of her intention to file suit within the six month statute of limitations provided for in Tex.Civ.Prac. & Rem.Code Ann. § 101.101(a)—(c) (Vernon 1986). The State asserted that prior to the filing of the suit it had no notice, written or otherwise, that a claim would be asserted against the State as a result of the accident in question. Rath responded, arguing that although she had filed suit later than six months after the accident, the State had actual notice of her accident immediately after the accident and the notice require-

ment was waived under section (c). She further argued that she was physically and mentally unable to file a notice.

After a hearing at which the trial court considered only the evidence on file at the time of the hearing, the trial court entered a judgment in favor of the State without designating on which ground the judgment was based. Subsequently, Rath was denied permission to amend her response to the State's motion or to file two depositions in support of her original motion.

■■■ The purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972); *Barrow v. Jack's Catfish Inn*, 641 S.W.2d 624, 625 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Thus, a summary judgment should be granted only if evidence establishes that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law on all issues presented to the trial court. *Continential Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Torres v. Laredo Nat. Bank*, 716 S.W.2d 667, 668–69 (Tex.App.—Corpus Christi 1986, no writ); *Barrow*, 641 S.W.2d at 625; Tex.R.Civ.P. 166a(c).

■■■ The party seeking summary judgment has the burden of proof and all doubts regarding the existence of a genuine issue of fact are to be resolved against him. Thus, all evidence favorable to the non-movant is taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■■■ It is a well-settled rule of law that pleadings, such as a motion for summary judgment, are not evidence. *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980); *Barrow*, 641 S.W.2d at 625. Similarly, a response to a motion for summary judgment is a pleading and, thus, is not evidence which a trial court can consider in ruling on a motion for summary judgment. *See Nicholson v. Memorial Hosp.*

*Sys.*, 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Unverified documents attached to pleadings are not proper summary judgment evidence. *Totman v. Control Data Corp.*, 707 S.W.2d 739 (Tex.App.—Fort Worth 1986, no writ); *Grierson v. Sreenan*, 560 S.W.2d 423, 426 (Tex.Civ.App.—Beaumont 1977, no writ). Depositions must be signed and on file with the court at the time the motion is heard, or filed thereafter and before judgment with permission of the court. Tex.R.Civ.P. 166a(c); *see also Rogers v. Duke*, 766 S.W.2d 547, 548 (Tex.App. —Houston [1st Dist.] 1989, no writ); *Deerfield Land Joint Venture v. Southern Union Realty Co.*, 758 S.W.2d 608, 610 (Tex. App.—Dallas 1988, no writ). If the record reflects that late-filed pleadings were considered by the judge, then any failure to get permission for late filing is corrected. *Goswami v. Metropolitan Savings and Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988).

In support of its motion for summary judgment, the State provided the affidavit of Albert O. Wicker, a representative of the State Department of Highways and Public Transportation. The affidavit stated that the State Department of Highways and Public Transportation "had no actual or statutory notice of the claim made by Plaintiff which arose out of a collision on August 1, 1985, until [it] was served with notice on or about April 14, 1986."

Rath's response to the State's motion admitted that she failed to comply with the six-month requirement. She claimed that her failure to file a timely notice does not bar her suit because the State had actual notice of her claim through the accident report prepared by the State trooper investigating her accident and through a newspaper article regarding the accident which came to the attention of Texas Highway Department employee. She re-asserts this position in her first point of error, contending that the trial court erred in granting the State's motion for summary judgment because the State did have notice of her accident and injury.

■ In her response to the State's motion, Rath relied on two depositions, neither of which were filed before the date of the hearing or after the date of the hearing with the permission of the court. She also relied on an attached unverified newspaper article. None of these are proper summary judgment evidence and none can be considered. Rath's *motion for permission to file a supplemental answer* to the State's motion for summary judgment and her supplemental answer with the attached depositions were filed after the date of judgment and without permission of the trial court. The trial court's order granting the summary judgment recited that it considered the motion for summary judgment, the affidavit filed with the motion, plaintiff's response, defendant's reply to the response, arguments and pleadings, and "other summary judgment evidence *properly on file* with the court *at the time of the hearing.*" (Emphasis ours). Hence, Rath offered no evidence to raise an issue of fact regarding whether the State received notice of any sort before suit was filed; the affidavit attached to the State's motion for summary judgment conclusively disposed of the issue of notice, establishing that the State had no notice as a matter of law. Rath's first point of error is overruled.

■ By her second point of error, Rath contends that she was legally excused from complying with the six-month notice requirement because she was physically and mentally incapacitated as a result of the accident. A party may be excused from giving notice because of physical or mental incapacity. *Houston v. Torres,* 621 S.W.2d 588, 591 (Tex.1981); *McCrary v. Odessa,* 482 S.W.2d 151, 154–55 (Tex.1972). Once any disability is removed, compliance with a notice requirement is no longer excused. *See McCrary,* 482 S.W.2d at 154. Once a guardian is appointed, the disability is removed; a guardian of an estate is empowered to initiate a lawsuit. *See generally Sax v. Votteler,* 648 S.W.2d 661, 665 (Tex.1983); *Fite v. King,* 718 S.W.2d 345, 346 n. 2 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Pleasant Hills Children's Home of Assemblies of God, Inc. v. Nida,* 596 S.W.2d 947, 951 n. 1 (Tex.Civ.App.—Fort Worth 1980, no writ).

■ In support of her argument, Rath attached certified copies of court orders appointing and dismissing a temporary guardian to her response to the State's motion for summary judgment. According to the court orders, temporary guardianship of Rath's person and estate began September 3, 1985, and ended April 7, 1987. The court order states that her guardian's responsibilities included *collecting claims* and *performing other such acts as may be ancillary to the power to collect claims.*

Rath's lawsuit was filed July 8, 1986, during the term she had a temporary guardian. It is apparent that Rath's disability did not preclude the July 8, 1986, filing of the lawsuit. The fact that Rath was temporarily physically and mentally incapacitated did not affect the guardian's ability to give timely notice to the State or to file the lawsuit in a timely manner. Since the appointment of a guardian with authority to file a claim or file suit removed Rath's disability, her failure to comply with the notice requirement was not excused. Rath's second point of error is overruled.

■ Rath's third point of error is that the trial court erred in granting the State's motion for summary judgment based on the State's contention that it was entitled to immunity under the Texas Tort Claims Act. Rath's claim is conditioned on the possibility that the State's reply on appeal might take the position that the State was entitled to immunity (and that therefore the trial court's order should additionally be upheld) on the basis of the nature of the claim as constituting an exception from the waivers of immunity in the Tort Claims Act. The State has not taken such a position, and appellant's third point of error need not be addressed. However, appellant's argument that her case involves a "special defect" claim would not alleviate her from the six-month notice requirement of the Texas Tort Claims Act. Additionally, Rath's point was not raised in the trial court. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

UTTER, J., not participating.