Anita FLORES, Appellant,

v.

H.E. BUTT STORES, INC., Appellee.

No. 13–89–384–CV.

Court of Appeals of Texas,
Corpus Christi.

April 12, 1990.
Rehearing Overruled June 22, 1990.

See also 661 S.W.2d 297.

David Garcia, Edinburg, for appellant.

Rudy Gonzales, Jr., Clay R. Hoblit, Chavez, Gonzales & Rodriguez, Corpus Christi, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Anita Flores sued H.E. Butt Stores, Inc. (H.E.B.), for injuries received when she slipped and fell in an H.E.B. grocery store. By two points of error, Flores appeals a summary judgment in favor of H.E.B. which was based on deemed admissions. We affirm the judgment of the trial court.

Flores filed suit in Hidalgo County against H.E.B. on October 5, 1982, alleging that, on October 6, 1980, she slipped as a result of a wet or slippery substance on the wet floor in an H.E.B. store and fell, injuring herself. She claimed that her fall was caused by H.E.B.'s negligence.

The suit was transferred to Nueces County on a plea of privilege in 1983. In December, 1987, H.E.B. served requests for admissions on Flores. Flores filed responses to these admissions, objecting to eleven of the requests specifically because the term "foreign substance" was vague and ambiguous. On January 28, 1988, H.E.B. served Flores with a second set of requests for admissions which included a clarification of the term "foreign substance" defining the term as the "substance" (e.g. water, grape, wax, etc.), if any, that allegedly caused the Plaintiff to fall. Flores did not file answers or objections to this second set of clarified requests for admissions.

In March, 1989, H.E.B. filed a motion for summary judgment, alleging that Flores' failure to respond to the requests for admissions resulted in deemed admissions which defeated her cause of action. Additionally, H.E.B.'s motion cited specific deposition testimony by Flores which also would preclude recovery. H.E.B. attached the requests for admissions and a verified copy of excerpts from Flores' deposition as exhibits to its motion for summary judgment.

Flores filed a response to H.E.B.'s motion. Attached to her response were unverified excerpts from Flores' deposition. Flores claimed that summary judgment was precluded because issues of material fact were raised.

On May 17, 1989, after considering the matter submitted by the parties, the trial court granted H.E.B.'s motion for summary judgment on all grounds. Subsequently, Flores' motion for a new trial was overruled.

■ In order for Flores to recover from H.E.B., she had the burden of proving (1) that H.E.B. had actual or constructive knowledge of some conditions on the premises; (2) that the condition posed an unreasonable risk of harm to her; (3) that H.E.B. did not exercise reasonable care to reduce or eliminate their risk; and (4) that H.E.B.'s failure to use such care proximately caused her injuries. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983); *H.E. Butt Grocery Company v. Godawa*, 763 S.W.2d 27, 29 (Tex.App.—Corpus Christi 1988, no writ); *see also Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, 454–55 (Tex.1972); *H.E.B. Food Stores, Inc. v. Flores*, 661 S.W.2d 297, 299 (Tex. App.—Corpus Christi 1983, writ dism'd).

By two points of error, Flores contends that the trial court erred in entering summary judgment in favor of H.E.B. By her first point, Flores claims that genuine is-

sues of material fact had been raised and that those issues had not been established as a matter of law. By her second point of error, Flores contends that the law cited by H.E.B. in support for its motion for summary judgment and which was relied upon by the trial court was distinguishable from the case at bar. H.E.B. counters that the trial court correctly entered the summary judgment because no issue of material fact existed and the case law cited did provide authority in support of summary judgment.

The purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes,* 488 S.W.2d 64, 68 (Tex.1972); *Barrow v. Jack's Catfish Inn,* 641 S.W.2d 624, 625 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Thus, a summary judgment should be granted only if evidence establishes that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law on all issues presented to the trial court. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988); *Torres v. Laredo Nat. Bank,* 716 S.W.2d 667, 668–69 (Tex.App.—Corpus Christi 1986, no writ); *Barrow,* 641 S.W.2d at 625; Tex.R.Civ.P. 166a(c).

This standard is not the directed verdict standard urged by H.E.B., that it was entitled to judgment because Flores had no evidence. To the extent H.E.B.'s motion sought judgment on the directed verdict standard it was incorrect. Notwithstanding H.E.B.'s invitation to use the wrong standard, we will apply the correct standard, and assume the trial court also used the correct standard.

■ The party seeking summary judgment has the burden of proof and all doubts regarding the existence of a genuine issue of fact are to be resolved against him; in order to prevail on a summary judgment motion, the defendant must show by summary judgment evidence that at least one of the elements of the plaintiff's cause of action has been conclusively established against the plaintiff. *McCurry v. Aetna Casualty and Sur. Co.,* 742 S.W.2d 863, 866 (Tex.App.—Corpus Christi 1987,

writ denied). Thus, all evidence favorable to the non-movant is taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ It is a well-settled rule of law that pleadings, such as a motion for summary judgment, are not evidence. *Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex.1980); *Barrow,* 641 S.W.2d at 625. Similarly, a response to a motion for summary judgment is a pleading and, thus, is not evidence which a trial court can consider in ruling on a motion for summary judgment. *See Nicholson v. Memorial Hosp. Sys.,* 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Deemed admissions are competent summary judgment evidence. *Culp v. Hawkins,* 711 S.W.2d 726, 727 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *see also Velchoff v. Campbell,* 710 S.W.2d 613, 614 (Tex.App.—Dallas 1986, no writ).

■ The admissions offered as summary judgment included the following admission:

(5) Flores did not slip on a foreign substance;

This admission conclusively established that the alleged unreasonable risk of harm or alleged dangerous condition did not cause appellant's injuries and precluded appellant's recovery as a matter of law. Flores' two points of error are overruled. The judgment of the trial court is AFFIRMED.

UTTER, J., not participating.