Doug TAYLOR and Debbie Taylor, Appellants,

v.

ALBERTSONS, INC. and Jimmy Chatwell, Appellees.

No. 13–90–184–CV.

Court of Appeals of Texas, Corpus Christi.

June 18, 1991.

Rehearing Overruled Aug. 29, 1991.

---

J. Stewart Bass, Kugle & Frederick, David L. Evans and Jeffrey H. Kobs, Hooper & Evans, Robert Haslam, The Dent Law Firm, Fort Worth, for appellants.

James F. Buchanan, Kathryn F. Green, Kleberg & Head, Corpus Christi, for appellees.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Doug and Debbie Taylor sued Albertsons, Inc., for injuries received when Doug Taylor slipped and fell on a loading ramp at the rear of Albertsons grocery store. After a jury failed to find Albertsons liable, the trial court granted a take-nothing judgment. The Taylors appeal by two points of error complaining that the jury's findings are against the great weight and preponderance of the evidence. We affirm.

Doug Taylor, a delivery man, arrived in his truck at Albertsons' loading dock between 4:30 p.m. and 5:00 p.m. on the afternoon of the accident. Albertsons employee Jesse Campos helped Taylor unload his truck. No other delivery men or customers were present on the loading dock during this time.

After the two men unloaded Taylor's truck, an Albertsons assistant store manager instructed them to load empty pallets from a previous delivery onto Taylor's truck for reuse by Taylor's employer. These pallets were stored on the pavement below the loading dock and had to be carried up a concrete loading ramp on a handtruck. The concrete ramp extended from pavement level to the level of the loading dock and was in close proximity to the area where deliveries were routinely made. In order to carry the pallets up the ramp, Campos pushed on one end of the handtruck while Taylor pulled on the other walking backwards. The two carried and loaded one set of pallets, and returned down the ramp to get a second set. Neither saw a stick of butter on the loading ramp during these two trips down and one trip up the ramp, or at any time before that. On the way back up the ramp, however, Taylor slipped and fell on a wrapped stick of butter lying on the ramp.

The evidence showed that the ramp in question was not used to unload Taylor's truck, and that delivery trucks were unloaded using a separate aluminum ramp placed directly between the truck and the loading dock. In addition, deliveries by other vendors at the loading dock were packaged and sealed, unlike the single wrapped stick of butter on the concrete ramp. Albertsons employees used the concrete ramp to carry garbage out to the trash bin behind the store. They would place trash, including damaged merchandise, boxes, produce and trash from the bakery, in boxes and trash bags and carry it in shopping carts to the trash bin periodi-

cally during the day. However, Taylor had not seen any of these employees carrying trash down the ramp from the time he began unloading his truck to the time of the accident.

The jury found that Taylor sustained an injury while on Albertsons' premises, that there was a stick of butter on the ramp, and that Taylor did not fail to keep a proper lookout. Substantial damages were awarded for Taylor's injuries and his wife's loss of consortium. However, in answer to Jury Question 3, the jury failed to find that Albertsons knew, or should have known, that there was a stick of butter on the ramp. Similarly, in response to Question 6, it failed to find that Albertsons, or one of its employees, placed the stick of butter on the ramp. Based these on these findings, the trial court granted a take-nothing judgment in favor of Albertsons.

By two points of error appellants complain that the jury's findings in response to Jury Questions 3 and 6 were against the great weight and preponderance of the evidence.

In considering a "no evidence," "insufficient evidence," or "against the great weight and preponderance of the evidence" point of error, we will follow the well established tests set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex. 1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); and Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

■ In an action based on the defective condition of the premises, the plaintiff has the burden to prove (1) that the defendant, owner or occupier of the premises, had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to the plaintiff; (3) that defendant did not exercise reasonable care to reduce or to eliminate the risk; and (4) that the defendant's failure to use such care proximately caused plaintiff's personal injuries. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983); *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975); *Flores v. H.E. Butt Stores, Inc.*, 791 S.W.2d 160 (Tex.App.—Corpus Christi 1990, writ denied).

■ The issue here goes to the actual or constructive knowledge of the presence of the butter. It is generally considered that a plaintiff can show knowledge of the danger in one of three ways: 1. That the defendant knew the substance was on the floor and willfully or negligently failed to remove it (actual knowledge); 2. That the substance had been on the floor for so long that it should have been discovered (constructive knowledge); and 3. That the defendant had "placed" the substance on the floor. *H.E. Butt Grocery Co. v. Johnson*, 226 S.W.2d 501, 502 (Tex.Civ.App.—San Antonio 1949, writ ref'd n.r.e.).

In the present case, the Taylors contend that the evidence shows that Albertsons either placed the butter stick on the ramp or knew, or should have known, that it was there. However, there is no evidence that Albertsons knew it was there until the plaintiff slipped and fell. Similarly, there is no evidence that the butter had been on the ramp for such a period of time that it should have been discovered through the exercise of reasonable diligence.

The only remaining question is whether the evidence shows that Albertsons employees placed the butter stick on the ramp. Appellant argues inductively that the only way the butter could have gotten on the ramp was that it came from trash while being moved from the store to the dumpster by an employee of Albertsons. He also argues that if the butter was on the ramp by the action of an employee of the defendant, whether it be intentional or negligent, the store is charged with "placing" it there, and with knowledge of its presence.

■ We disagree. A slip and fall premises liability case is founded on negligence and requires foreseeability. *Corbin*, 648 S.W.2d at 295. It is necessary that the

occupier of the premises either know of the defect or be charged with knowledge of it. The plaintiff is not relieved of proving knowledge because the object reached the floor through the negligence of the defendant.

Albertsons' suggested senario was that the butter stick fell from the stack of empty pallets being carried by Taylor and Campos. Other explanations may be conceived. Deliveries were made periodically in the general area of the concrete ramp, and the ramp was not physically isolated from the outside world.

The burden of proof was on appellants, the Taylors, to show by competent evidence to the satisfaction of the jury that Albertsons either knew the stick of butter was on the ramp or that Albertsons should have known. Such determinations are properly within the province of the jury. By its verdict, the jury rejected the Taylors' theory about how the stick of butter may have come to rest on the ramp. We cannot say that such a determination, or more properly, a failure to find, is so against the great weight and preponderance of the evidence so as to be manifestly unjust.

Appellants' first and second points of error are overruled.

The judgment of the trial court is AFFIRMED.