Richard J. AGAR, Appellant,

v.

REGENCY SAVINGS BANK, F.S.B., Appellee.

No. 09–94–285 CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 26, 1995.

Decided Jan. 25, 1996.

Richard J. Agar, Bloomington, MN, Hal Ross, Boneau & Lewis, Port Arthur, for appellant.

Terry Wood, Crutchfield, De Cordova & Chaveaux, Beaumont, for appellee.

Before WALKER, C.J., and STOVER and NYE[1], JJ.

## OPINION

PAUL W. NYE, Justice.

This is an appeal from a partial summary judgment finding that appellee was a holder in due course. Appellant, Richard J. Agar (hereinafter referred to as "Agar"), purchased two condominiums in Port Arthur. Allied Bank Beaumont, N.A., provided $92,500 purchase money financing to Agar. Subsequently, Allied Bank Beaumont, N.A., sold the loan in a package of non-performing assets to Appellee, Regency Savings Bank, F.S.B. (hereinafter referred to as "Regency"). After proper notice, Regency held a non-judicial foreclosure sale and filed suit against Agar for a deficiency award.

After filing the deficiency suit, Regency filed a Motion for Summary Judgment which was granted in part by the trial court. The court found that Regency was a holder in due course. Thereafter, a trial to a jury was held

in order to ascertain the fair market value of the property. The jury found that the property was worth $66,000.00 at the time of the foreclosure. A deficiency judgment was then entered in accordance with the findings. Agar now brings this appeal claiming that the trial court erred in granting the summary judgment. We agree and reverse the judgment of the trial court.

Appellant, Agar claims the granting of the partial summary judgment was improper because a genuine issue of material fact exists as to whether or not Regency was in fact a holder in due course. Specifically, Agar contends that Regency was not a holder in due course because the note was overdue at the time of purchase; because the notes purchased by Appellee, Regency, were purchased in a bulk transaction and in a package of non-performing assets. Agar further argues that as a result of Regency's failure to acquire the status of a holder in due course, he should not have been precluded from litigating his personal defenses. Regency argues, on the other hand, there was no genuine issue of material fact regarding Regency's status as a holder in due course and therefore the trial court did not err in granting such motion.

A Court may not grant a properly contested summary judgment if there exists any genuine issue of material fact. *See Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). The movant for the summary judgment has the burden to prove that there is no genuine issue of material fact regarding its status as a holder in due course. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985), and *Lee v. McCormick*, 647 S.W.2d 735 (Tex.App.—Beaumont 1983, no writ). When determining whether a genuine issue of material fact exists, the Court must construe the evidence in the light most favorable to the non-moving party, which in this case is Agar. *See Herndon Marine Products, Inc. v. San Patricio County Appraisal Review Bd.*, 695 S.W.2d 29 (Tex.App.—Corpus Christi 1985, writ ref'd

---

**1.** The Honorable Paul W. Nye, sitting by assignment pursuant to Tex.Gov't Code Ann. § 74.003(b)

(Vernon 1988).

n.r.e.). Regency had a strong burden at the summary judgment hearing to prove that it acquired the status of a holder in due course. If any genuine issue of material fact was present, the trial court erred in granting the summary judgment.

 Section 3.302 of the Texas Business and Commerce Code states that a holder in due course is one who takes an instrument 1) for value, 2) in good faith, and 3) without notice that it is overdue, has been dishonored or has any defense or claim to it by any person. A holder in due course is given specific rights under Section 3.305 of the Texas Business and Commerce Code. A holder who takes on the status of a holder in due course takes an instrument free of all claims to it by any person. Furthermore, a holder in due course takes an instrument free of all defenses of any party to the instrument with whom the holder has not dealt. There is a presumption that one who presents a negotiable instrument properly indorsed is a holder in due course. *See Williams v. Stansbury,* 649 S.W.2d 293, 295 (Tex.1983). As such, a holder of a promissory note is presumed to be a holder in due course absent any evidence to the contrary.

The issue in this appeal is whether the trial court erred in granting the partial summary judgment by finding that Regency was a holder in due course; did the summary judgment proof establish as a matter of law that there was no genuine issue of material fact regarding Regency's status as a holder in due course.

Both parties agree that Regency took the note for value and in good faith. The pivotal question at the summary judgment hearing and on this appeal is whether or not the note was overdue when Regency purchased it. It is undisputed that Regency purchased the note more than one year before the maturity date. Agar argues here, that part of both the principal and interest were overdue at the time of purchase. According to Section 3.302 of the Texas Business and Commerce Code, a holder cannot be a holder in due course if they have actual knowledge that the instrument was overdue. Section 3.304(c)(1) states that a purchaser has (constructive) notice that an instrument is overdue if he has reason to know that any part of the principal amount is overdue.

In reviewing the record and the evidence presented at the summary judgment hearing, we find that a genuine issue of material fact was raised as to whether the note was overdue at the time it was purchased by Regency. Appellant, Agar's affidavit in Opposition to the Motion for Summary Judgment stated that at the time the note was transferred to Regency, the "undersigned had refused to make certain payments and the note and mortgage were in default."

We conclude that this statement presented an issue of material fact as to whether or not Regency was a holder in due course. Such an issue of material fact prevented the trial court from granting a summary judgment. We reverse and remand this case to the trial court for trial.

REVERSED AND REMANDED.