Frank ROGERS, Appellant,

v.

James H. DUKE, M.D., Appellee.

No. 01–88–00419–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 16, 1989.

Michael Maldonado, Corpus Christi, for appellant.

John Roberson, John Landa, Suzan Cardwell, Houston, for appellee.

Before COHEN, MIRABEL and
DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a summary judgment granted in a medical malpractice case. Dr. Duke, appellee, performed an emergency operation on appellant, Frank Rogers, in December 1981. Appellee was assisted by several other licensed physicians and surgical nurses. During the surgery, appellee repaired a torn spleen and rejoined the intestine. After performing that procedure, appellee turned the job of completing the surgery over to the assistant surgeons, and left the operating room. Appellant's surgery involved the use of a number of surgical sponges. The sponge count conducted by the surgical nurses at the conclusion of the surgery was incorrect, and a lap sponge that had been placed inside the appellant's abdominal cavity was not removed when the surgical incision was

closed by an assisting surgeon. The sponge was later discovered and removed prior to appellant's discharge from the hospital.

Appellee filed a motion for summary judgment, with accompanying affidavits, demonstrating that keeping count of the number of sponges used during the surgery in question was not his responsibility, but was instead the specifically defined task of the surgical nurses who were acting under the sole direction and control of the hospital. The hospital procedures required these nurses to follow specific instructions as to counting the sponges to ensure that none of the sponges would be left in the patient's body. The procedures did not provide for involvement of the physicians in accounting for the sponges. Appellee also proved, by affidavit, that he was not in the operating room when the apparently incorrect sponge count took place, or when the surgery was completed by another surgeon's closure of the incision.

■ Appellant did not produce any affidavits or other evidence in the district court to controvert Dr. Duke's motion for summary judgment. While appellant's response to the motion for summary judgment contained a single reference to the deposition testimony of Dr. Duke, a transcript of that testimony was not attached to the motion or response. To be used as summary judgment evidence, depositions must be signed and filed with the court at the time the motion is heard. *Velde v. Swanson*, 679 S.W.2d 627, 630 (Tex.App.– Houston [1st Dist.] 1984, writ ref'd n.r.e.). It is undisputed that the deposition was never signed by Dr. Duke or filed with the district court. The deposition was not part of the record before the trial court, and it will not be considered on this appeal. *Nicholson v. State*, 722 S.W.2d 746, 749 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.). The court found that no genuine issues of material fact remained as to any of appellant's contentions and granted summary judgment.

■ Appellant complains in his first point of error that the trial court erred in granting appellee's motion for summary judgment because there exists a genuine issue of material fact as to whether the doctrine of res ipsa loquitur, as applied in this case, raises a fact issue regarding appellee's conduct. To establish the doctrine of res ipsa loquitur, appellant must establish (1) that the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) that the instrumentality causing the injury is under the exclusive management and control of the defendant. *Duff v. Yelin*, 721 S.W.2d 365, 371 (Tex.App.–Houston [1st Dist.] 1986), *aff'd*, 751 S.W.2d 175 (Tex.1988). Where the defendant had no control over the instrumentality at the time the incident occurred or shared control with another party, it follows that there can be no inference that the defendant committed the negligence causing the incident. *See Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 574 (Tex.1982). As demonstrated by appellee's affidavit, the doctrine of res ipsa loquitur is inapplicable in the present case because the instrumentality causing the injury—the surgical sponge—was not in appellee's control at the time it was left in the patient's body. Neither was appellee present in the operating room when the other sponges were counted and removed from appellant's abdomen.

Appellant's first point of error is overruled.

■ In his second point of error, appellant contends the trial court erred in granting summary judgment because a genuine issue of material fact exists as to whether appellee failed to exercise reasonable care under the circumstances of the case at hand.

The summary judgment evidence presented in the lower court demonstrated that Dr. Duke was not responsible for keeping track of surgical sponges and was not even present in the operating room when the sponge count occurred. By his own expert testimony, appellee established that he did not violate the applicable standard of care when he left the operating room and transferred responsibility for completing the operation to the other licensed surgeons in the room. Appellant

even states in his brief that "the nurses made an incorrect sponge count," and "Dr. Guilliland closed the surgical opening." Given the conclusiveness of the uncontroverted proof, the district court properly granted summary judgment in appellee's favor.

Appellant relies upon *Harle v. Krchnak,* 422 S.W.2d 810 (Tex.Civ.App.–Houston [1st Dist.] 1967, writ ref'd n.r.e.), as his basis for claiming that a fact issue exists as to appellant's negligence. The basis for appellant's argument, the "captain of the ship doctrine," and its application in the *Harle* case, have been disapproved by the Texas Supreme Court in *Sparger v. Worley Hospital, Inc.,* 547 S.W.2d 582, 585 (Tex.1977). Furthermore, *Harle* is factually distinguishable from the present case, and thus does not control the outcome of this decision.

In *Harle,* the defendant surgeon was present in the operating room during the entire procedure and gave the order for the nurses to perform the sponge count. Once the nurses completed their count, the surgeon examined the abdomen to see for himself whether any sponges had been left behind. The defendant then closed the incision himself, having failed to find any remaining sponges. *Harle,* 422 S.W.2d at 812. In the instant case, however, Dr. Duke was not present in the operating room when the sponge count was performed, he did not order the count, and he did not examine the abdomen for any purpose other than to do exploratory surgery. These uncontroverted facts preclude any genuine issue of material fact as to negligence on the part of appellee.

Appellant's second point of error is overruled.

Appellant asserts in his third point of error that the issue of whether the operating room nurses performing the sponge count were the borrowed servants of appellee is a question of fact for the jury, and that the trial court therefore erred in granting a summary judgment.

The leading borrowed servant case in Texas medical malpractice law is *Sparger v. Worley Hospital, Inc.,* 547 S.W.2d 582.

Two nurses employed by the hospital miscounted sponges used in the plaintiff's surgery. The jury found that the nurses' negligence proximately caused the plaintiff's injuries. The court submitted a special issue to the jury concerning whether the nurses were borrowed employees of the defendant-physician. The trial court defined a borrowed employee as "one, who, while in the general employment of the hospital, is subject to the right of the physician to direct or control the details of the particular work inquired about, and is not merely cooperating with suggestions of said physician." *Id.* at 583. The jury found that the nurses were not borrowed servants, and that the defendant-physician, therefore, was not liable for their conduct. *Id.* at 586. On appeal, however, the court of appeals held the physician liable as a matter of law under the "captain of the ship" doctrine. *Id.* at 585. The Texas Supreme Court reversed the appellate court, stating that courts applying the captain of the ship doctrine in earlier Texas cases mistakenly imposed liability as a matter of law. The court explicitly stated: "We disapprove the captain of the ship doctrine and hold that it is a false special rule of agency." *Id.* The court reasoned that earlier holdings supporting the doctrine were not based on the mere presence of the physician in the operating room, but rather upon the fact that the physician in question had an absolute right of control of the nurses' actions. *Id.* at 589. If the physician did in fact have such control, those subject to that control would be deemed the physician's borrowed servants, and he would be liable for their negligence.

The supreme court noted that the following factors supported the jury's finding that the nurses were not borrowed servants: (1) the defendant-physician did not participate in selection of the nurses; (2) the hospital's policy and procedure manual detailed the duties of the circulating and scrub nurses, including general instructions that applied to both nurses; (3) the sponge count procedures were intended to be used without regard to which surgeon was performing an operation; and (4) the defendant-physician did not direct the nurses to make a sponge count. *Id.* at 585–86.

In the case at hand, one of the assisting nurses, Jocelyn McKinnon, R.N., stated in her affidavit that she was employed by Hermann Hospital and that the hospital had assigned her to this specific operation. As a circulating nurse, McKinnon and the scrub personnel shared the responsibility of counting sponges. They performed that duty in accordance with established hospital procedures. These procedures were to be followed regardless of who performed the surgery. McKinnon further affirmed that appellee departed the room prior to the sponge count and that appellee was not supervising the operating room at the close of surgery. Considering the summary judgment evidence presented to the district court, it is clear that the act alleged to have constituted negligence in this case, the counting of the sponges, was an administrative function to be carried out by nurses hired by the hospital and assigned to the operating room. There is no evidence that the hospital surrendered control of its employees to appellee at the time the count was performed. If vicarious liability arose as a result of negligence in performing the sponge count, it was the liability of the hospital—the employer of the nurses—and not the liability of appellee.

Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.