Opinion issued January 19, 2006             
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01318-CV




GEORGE MATHIS JR., Appellant

V.

RKL DESIGN/BUILD, Appellee




On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2002-45378



O P I N I O N
            Appellant, George Mathis Jr., appeals from a summary judgment entered in
favor of appellee, RKL Design/Build (“RKL”). We determine whether the trial court
erred in its summary judgment ruling. We affirm the judgment of the trial court.
Facts
          James Petersen,


 owner of the property at 110 Milam (“the Petersen property”),
hired RKL to perform a preliminary evaluation in connection with the possible
conversion of an existing four-story commercial building to residential use. Petersen
requested that RKL prepare a set of architectural plans and obtain construction bids
from commercial contractors to determine if such a conversion would be cost-
effective. RKL requested construction bids from G.T. Leach Construction (“GTL”),
Braselton Construction Company (“Braselton”), and Tribble & Stephens General
Contractors (“T&S”). In order to complete their bids, GTL, Braselton, and T&S
requested keys to the property. After obtaining Petersen’s permission, RKL provided
the keys. T&S requested that Mathis provide a bid for wrought-iron work to be
completed at the Petersen property. 
          On October 30, 2001, a representative from T&S accompanied Mathis onto the
Petersen property. While walking the perimeter of the building, Mathis fell into a
hole that was 12 feet deep and covered by a thin piece of wood. Mathis sustained
injuries to his head, neck, and torso as a result of the fall. Before the date of Mathis’s
injury, Restoration Builders, Incorporated (“Restoration”) had been the primary
contractor involved in the stabilization phase, which included demolition activity and
removal of debris from the Petersen property. Mathis sued RKL, Restoration,
Petersen, GTL, T&S, and W. Paul Wottring & Associates, Incorporated. for
negligence and negligence per se. 
          RKL filed a no-evidence motion for summary judgment, pursuant to Rule of
Civil Procedure 166a(i), and, alternatively, a traditional motion for summary
judgment, pursuant to Rule of Civil Procedure 166a(c). See Tex. R. Civ. P. 166a(c),
(i). On August 31, 2004, the trial court granted interlocutory summary judgment in
favor of RKL. On October 1, 2004, the trial court signed an order severing Mathis’s
suit against RKL from the underlying litigation, thereby making the interlocutory
summary judgment order final.
          Summary Judgment Evidence
          On appeal, RKL argues that Mathis cites to evidence that was not presented in
response to RKL’s motion for summary judgment and was, therefore, untimely and not
part of the summary judgment evidence. In his brief on appeal, Mathis included as
Appendix A additional excerpts of Petersen’s deposition that were not on file with the
clerk in his response to RKL’s motion for summary judgment.


 
          Rule 166a(d) provides that discovery products not on file with the clerk may be
used as summary judgment evidence if copies of the material, appendices containing
the evidence, or a notice containing specific references to the discovery or specific
references to other instruments are filed and served on all parties, together with a
statement of intent to use the specified discovery as summary judgment proofs, at least
seven days before the hearing if such proofs are to be used to oppose the summary
judgment motion. Tex. R. Civ. P. 166a(d). In his response to RKL’s motion for
summary judgment, Mathis listed his summary judgment evidence as “Exhibit 1:
Affidavit of George Mathis, Jr. Exhibit 2: Affidavit of Don M. Kerr, Jr. Exhibit 3:
Deposition testimony of James E. Petersen, Jr.” Mathis attached pages 29 through 32
and pages 37 through 40 of Petersen’s deposition as Exhibit 3. Mathis thus provided
RKL with a statement of intent in his response to RKL’s motion for summary
judgment to use pages 29 through 32 and pages 37 through 40 of Petersen’s deposition
(Exhibit 3), not a statement of intent to use the entire deposition or the additional
excerpts that he presents on appeal as summary judgment proofs.



          The record reflects that Mathis cited to these additional excerpts from Petersen’s
deposition in his motion for new trial. In its response to Mathis’s motion for new trial,
RKL objected to the inclusion of the new summary judgment evidence pursuant to rule
166a(c). See Tex. R. Civ. P. 166a(c). A trial court may accept summary judgment
evidence filed late, even after summary judgment, as long as the court affirmatively
indicates in the record that it accepted or considered the evidence. Stephens v.
Dolcefino, 126 S.W.3d 120, 133-34 (Tex. App.—Houston [1st Dist.] 2003, pet.
denied). If a party files late summary judgment evidence, and no order appears in the
record granting leave to file, the evidence will not be considered as being before the
court. Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996). Here, there
is no indication in the record that the trial court granted leave to Mathis to file his late
summary judgment evidence.


 
          Accordingly, we will not consider as grounds for reversal any summary
judgment evidence not expressly presented to the trial court by written motion,
answer, or other response. See Tex. R. Civ. P. 166a(c). 
                    Premises Liability
          In his sole point of error, Mathis argues that “[t]he Trial Court erred as a matter
of law by granting summary judgment dismissing [RKL] from the action.” In its no-
evidence motion for summary judgment and traditional motion for summary judgment,
RKL alleged that there was no evidence of duty or proximate cause, and, alternatively,
that Mathis could not meet his burden of proving RKL’s negligence or negligence per
se. On appeal, Mathis contends, in part, that (1) there is more than a scintilla of
evidence to demonstrate that RKL had a duty to inspect and to warn him of the hole
because it exercised control of the Petersen property and, furthermore, that (2) under
the doctrine of res ispa loquitur, there was an inference of liability against RKL.
A.      Summary Judgment Standard of Review
          The propriety of summary judgment is a question of law, and we thus review
the trial court’s ruling de novo. Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003). In reviewing a summary judgment, evidence favorable
to the non-movant is taken as true, and all reasonable inferences are indulged in the
non-movant’s favor. Johnson County Sheriff’s Posse v. Endsley, 926 S.W.2d 284, 285
(Tex. 1996). When as here, the trial court does not specify the grounds upon which
it ruled, the summary judgment may be affirmed on any of the movant’s theories that
has merit. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996).
Appellate courts should consider all grounds for summary judgment that the movant
presented to the trial court when properly preserved for appeal. Id. 
          The movant for traditional summary judgment has the burden of showing that
there is no genuine issue of material fact and that he is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c); Park Place Hosp. v. Estate of Milo, 909 S.W.2d 508,
510 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). 
A defendant moving for traditional summary judgment must either disprove at least
one element of each of the plaintiff’s causes of action or plead and conclusively
establish each essential element of its affirmative defense, thereby rebutting the
plaintiff’s causes of action. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).
          A no-evidence motion for summary judgment is essentially a directed verdict
granted before trial, to which we apply a legal-sufficiency standard of review. King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003). In general, a party
seeking a no-evidence summary judgment must assert that no evidence exists as to one
or more of the essential elements of the non-movant’s claims on which the non-movant would have the burden of proof at trial. Flameout Design & Fabrication Inc.
v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.]
1999, no pet.). Once the movant specifies the elements on which there is no evidence,
the burden shifts to the non-movant to raise a fact issue on the challenged elements. 
 Tex. R. Civ. P. 166a(i). A no-evidence summary judgment will be sustained when (1)
there is a complete absence of evidence of a vital fact, (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove a vital
fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the
evidence conclusively establishes the opposite of a vital fact. King Ranch Inc., 118
S.W.3d at 751.                                          
B.      Negligence
          A cause of action for negligence consists of three essential elements: (1) a legal
duty owed by one party to another; (2) a breach of that duty; and (3) damages
proximately caused by that breach. Greater Houston Transp. Co. v. Phillips, 801
S.W.2d 523, 525 (Tex. 1990). Duty is the threshold inquiry in a negligence case. Id. 
The existence of a duty is a question of law for the court to decide based on the
specific facts of the case. Id. To withstand RKL’s no-evidence summary judgment,
Mathis had to establish that some duty was owed to him by RKL. See Centeq Realty
v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). 
 
            An owner or occupier of land has a duty to use reasonable care to keep the
premises under his control in a safe condition. Smith v. Henger, 226 S.W.2d 425,431
(Tex. 1950). A general contractor on a construction site, who is in control of the
premises, is charged with the same duty as is an owner or occupier. Id. at 431. The
duty to keep the premises in a safe condition may subject the owner, occupier, or
general contractor to liability in two situations: (1) those arising from a defect in the
premises and (2) those arising from an activity or instrumentality. Redinger v. Living,
Inc., 689 S.W.2d 415, 417 (Tex. 1985). 
          Under certain circumstances, however, even one not in control of the property
at the time of the injury may owe a duty to make the premises safe. Lefmark Mgmt.
Co. v. Old, 946 S.W.2d 52, 54 (Tex. 1997). One who agrees to make safe a known,
dangerous condition of real property owes a duty of due care. City of Denton v. Page,
701 S.W.2d 831, 835 (Tex. 1986). A person who creates a dangerous condition owes
the same duty. Id. (citing Strakos v. Gehring, 360 S.W.2d 787 (Tex.1962)).  
          Mathis contends that RKL exercised control of the Petersen property because
RKL requested bids and gave keys to the general contractors on Petersen’s behalf. 
Mathis relies on Smith v. Henger to show that RKL had control of the Petersen
property. See Smith, 226 S.W.2d at 431.  
 
          In Smith, the Texas Supreme Court held that, under the terms of the contract and
the evidence showing actual control, the coordinator had a legal duty to use reasonable
care to furnish a safe place to work for the employees of other contractors. Id. at 430. 
The court looked at the coordinator’s conduct and provisions of the contract to
determine that the coordinator had assumed the usual duties and responsibilities of a
general contractor. Id. at 430-31. The evidence in Smith showed that the written
contract between the property owner and the coordinator expressly provided that the
coordinator would “have exclusive control of the supervision and coordination of the
construction of said building . . . .” Id. The coordinator also testified that it was his
duty to see that everything was safe and that the premises to which his control
extended included the place where the subcontractor’s employee was hurt. Id. 
          In contrast, in this case, there was no evidence that, by RKL’s conduct or under
provisions in its contract with Petersen, RKL had assumed the usual duties and
responsibilities of a general contractor. See id. at 430-31. Mathis submitted the
following summary judgment evidence: Mathis’s affidavit, expert Don M. Kerr’s
affidavit, and Petersen’s deposition testimony. Neither Mathis’s nor Kerr’s affidavit
mentioned RKL. On appeal, Mathis relies on Petersen’s deposition testimony to
demonstrate that RKL had control of the Petersen property. Petersen stated that,
during the stabilization phase, Restoration and “the architect” would have been in
charge of safety at the Petersen property.


 However, Petersen acknowledged that, after
the stabilization phase,


 he hired a new architect, namely RKL.


 Petersen’s testimony
stating that the architect would have been responsible for safety during the
stabilization phase is not evidence of who was responsible for safety when Mathis fell,
which was after the stabilization phase.
          The evidence does not show that RKL had actual control, but, rather, that RKL
was not an owner and did not occupy the Petersen property where Mathis was injured. 
Petersen owned the property and hired RKL to prepare a set of architectural plans and
to obtain construction bids from general contractors. RKL conclusively proved that
it did not create or cover the hole into which Mathis fell. In his affidavit, Mathis
acknowledges that he was invited and accompanied onto the property by T&S, not by
RKL, and that “[t]he unmarked, concealed hole into which [Mathis] fell was left
behind by [Restoration] after it departed [the Petersen property].” RKL’s involvement
was limited to requesting bids from GTL, Braselton, and T&S and providing keys to
them, with Petersen’s permission, so that they could complete their bids. Mathis
provided no evidence that RKL had owned, occupied, or created the dangerous
condition or agreed to make it safe, and Mathis provided less than a scintilla of
evidence that RKL actually controlled the Petersen property on the date of his
accident. See King Ranch, 118 S.W.3d at 751. Therefore, Mathis failed to carry his
summary judgment burden of establishing that RKL owed a duty to him to control the
premises. See Lefmark Mgmt. Co., 946 S.W.2d at 54; Page, 701 S.W.2d at 835; Smith,
226 S.W.2d at 431.
           Because the summary judgment order did not specify the ground or grounds on
which the trial court relied for its ruling, we will affirm the summary judgment if any
theory that the movant advanced has merit. See Cincinnati Life Ins. Co., 927 S.W.2d
at 625; Weiner v. Wasson, 900 S.W.2d 316, 317 n.2 (Tex. 1995). Accordingly, we
hold that the trial court did not err if it rendered summary judgment on Mathis’s
negligence claim on the basis of lack of a duty. See King Ranch, 118 S.W.3d at 75.
 
 
 
 
C.      Res Ipsa Loquitur
          Mathis claims that the trial court erred in granting summary judgment because
RKL did not prove that it was not negligent.


 Mathis argues that one of the defendants
in the underlying case–RKL, Restoration, Petersen, GTL, T&S, or W. Paul Wottring
& Associates, Inc.—must have been negligent because there is no other explanation
for the “dangerous hole” on the Petersen property. Mathis, therefore, contends that
he can rely on the doctrine of res ipsa loquitur to establish the negligence of RKL. We
disagree.
          Res ipsa loquitur is Latin for “the thing speaks for itself.” Marathon Oil Co. v.
Sterner, 632 S.W.2d 571, 573 (Tex. 1982). To establish a claim by res ipsa loquitur,
a plaintiff must prove (1) an accident of this character does not ordinarily occur in the
absence of negligence and (2) the instrument that caused the accident was under the
exclusive management and control of the defendant. Id.; Rogers v. Duke, 766 S.W.2d
547, 548 (Tex. App.—Houston [1st Dist.] 1989, no writ).
          The first factor is satisfied in this case, the second is not. The doctrine of res
ipsa loquitur is not available to fix responsibility when any one of multiple defendants,
wholly independent of each other, might have been responsible for the injury. See
Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp., 962 S.W.2d 193, 195 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied). In contrast, the doctrine can be used to
fix responsibility against multiple defendants when they had joint control of the
instrumentality causing the injury. See Bond v. Otis Elevator Co., 388 S.W.2d 681,
685 (Tex. 1965) (holding that res ipsa was applicable against landlord and elevator
company that had joint control of elevator). RKL did not have joint control with the
other defendants over the “dangerous hole.”
          Therefore, the trial court did not err in rending summary judgment for this
reason as well.
          We overrule Mathis’s sole point of error.      
Conclusion
 We affirm the judgment of the trial court. 
                                                                                                                                     
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.