NO.
12-06-00178-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

C. THOMAS CLAYTON,
M.D.,       §          APPEAL FROM THE 145TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

LISA GAY WINGATE,
INDIVIDUALLY

AND AS REPRESENTATIVE
OF THE    §          NACOGDOCHES COUNTY, TEXAS

ESTATE OF JOHN W.
WINGATE, DECEASED, 

KEVIN WINGATE, RHONDA
WINGATE PERRY,

AND PAULA WINGATE
BALLARD, 

APPELLEES 

 

 



MEMORANDUM OPINION

            Appellant C.
Thomas Clayton, M.D. appeals the trial court’s final judgment in a medical
malpractice lawsuit in which he was a defendant.  In one issue, Clayton alleges that the trial
court erred in computing the judgment. 
We affirm.

 

Background

            On
February 17, 1999, John W. Wingate died while undergoing treatment at
Nacogdoches Medical Center (“NMC”). 
Wingate’s wife and children sued NMC, Clayton, and radiology technician
Larry Gee.  On December 10, 2004, the
Wingates settled with NMC for $ 449,984.00. 
The Wingates were unable to reach a settlement with Clayton and Gee and
trial commenced on August 2, 2005.  








            A
jury found that Wingate’s death was proximately caused by the medical
negligence of NMC and Larry Gee, but not Clayton.  The jury found that NMC was 70% responsible
for Wingate’s death and that Gee was 30% responsible.  The jury also found that Gee was a borrowed
servant of Clayton at the time of the incident. 
Therefore, Clayton was vicariously liable for Gee’s negligence.[1]


            The
jury found that the Wingates had incurred $ 240,000.00 in past damages and
$150,000.00 in future damages.  In
addition, the parties had previously stipulated to $16,747.39 in past damages
for medical and funeral expenses.  The
trial court found that the Wingates had incurred additional damages in the
amount of $ 74,588.30 in prejudgment interest. 
After applying a credit for the Wingate’s previous settlement with NMC,
the trial court entered a final judgment against Clayton, awarding the Wingates
$ 31,351.69.  This appeal followed.

 

Computation
of a Judgment

            In
his sole issue, Clayton alleges that the trial court erred by calculating
prejudgment interest before applying a credit for the NMC settlement.

            According
to Clayton, the trial court's judgment is predicated on an incorrect conclusion
of law.  We review a trial court's
conclusions of law de novo.  Smith
v. Smith, 22 S.W.3d 140, 149 (Tex. App.–Houston [14th Dist.] 2000, no
pet.).  When performing a de novo review,
we exercise our own judgment and redetermine each legal issue.  Quick v. City of Austin, 7
S.W.3d 109, 116 (Tex. 1999).  We will
uphold conclusions of law on appeal if the judgment can be sustained on any
legal theory the evidence supports.  Waggoner
v. Morrow, 932 S.W.2d 627, 631 (Tex. App.–Houston [14th Dist.] 1996, no
writ).

            The
trial court rendered its judgment based upon former versions of sections 33.012
and 33.013 of the Texas Civil Practice and Remedies Code and former, now
repealed, section 16.02 of article 4590i, Texas Revised Civil Statutes.[2]  The supreme court recently addressed the
methodology of calculating prejudgment interest and applying settlement credits
in a case involving those statutes. Carl J. Battaglia, M.D., P.A. v.
Alexander, 177 S.W.3d 893 (Tex. 2005). 
Under Battaglia, the trial court should have first treated
the Wingates’ total past damages as a lump sump incurred on the date of the
injury, pooling together the damages of each plaintiff.  See Taveau v. Brenden, 174
S.W.3d 873, 882 (Tex. App.–Eastland 2005, pet. denied).  Next, the trial court should have calculated
the prejudgment interest on the past damages. 
See Brainard, No. 04-0537, 2006 Tex. LEXIS 1296, at *18-19
(Tex. Dec. 22, 2006); Battaglia, 177 S.W.3d at 908.  Only then should the trial court have applied
the NMC settlement credit to the Wingates’ damages, first to the prejudgment
interest and past damages, then to the future damages.  See Battaglia, 177 S.W.3d at
911-12.  

            The
record shows that the trial court followed this method.  Clayton’s argument stands in direct
contradiction to the Battaglia method and, therefore, is without
merit.  See Battaglia, 177
S.W.3d at 911-12.  Therefore, we overrule
Clayton’s sole issue.

 

Disposition

            We
affirm the trial court’s judgment.

 

            

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered April 30, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

(PUBLISH)











[1] See, e.g., Rogers v. Duke,
766 S.W.2d 547, 549 (Tex. App.–Houston [1st Dist.] 1989, no writ).





[2] Act of May 17, 1985, 69th Leg., R.S., ch. 959,
§ 1, 1985 Tex. Gen. Laws 3242, 3271, amended by Act of June 3, 1987,
70th Leg., 1st C.S., ch. 2, § 1.01, 1987 Tex. Gen. Laws 37, 42, amended by Act
of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 974
(former Tex. Civ. Prac. & Rem. Code
Ann. § 33.012), amended by Act of June 2, 2003, 78th Leg., R.S.,
ch. 204, § 4.06, 2003 Tex. Gen. Laws 847, 857-58 (current version at Tex. Civ. Prac. & Rem. Code Ann. §
33.012 (Vernon Supp. 2006)); Act of May 17, 1985, 69th Leg., R.S., ch. 959, §
1, 1985 Tex. Gen. Law 3242, 3271, amended by Act of June 3, 1987, 70th
Leg., 1st C.S., ch. 2, § 2.09, 1987 Tex. Gen. Laws 37, 42, amended by Act
of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 974
(former Tex. Civ. Prac. & Rem. Code
Ann. § 33.013), amended by Act of June 2, 2003, 78th Leg., R.S.,
ch. 204, §§ 4.07, 4.10(5), 2003 Tex. Gen. Laws 847, 858-59 (current version at Tex. Civ. Prac. & Rem. Code Ann. §
33.013 (Vernon Supp. 2006)); Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 3,
1995 Tex. Gen. Laws 985, 989, amended by Act of June 2, 1997, 75th Leg.,
R.S., ch. 1396, § 45, 1997 Tex. Gen. Laws 5202, 5249 (former Tex. 

 

Footnote continued.

 

Rev. Civ. Stat. Ann. art. 4590i, § 16.02), repealed by Act
of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847,
884.