

NUMBER 13-18-00090-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF CORPUS CHRISTI,                                             **Appellant,**

**v.**

OFELIA RESENDEZ A/N/F
OF ESMERALDA RAMIREZ,
MINOR CHILD,                                               **Appellee.**

## On appeal from the County Court at Law No. 2
## of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant City of Corpus Christi appeals the denial of its plea to the jurisdiction, which challenged the suit filed by appellee Ofelia Resendez as next friend of Esmerelda Ramirez. By two issues, the City asserts that Resendez failed to timely provide a required statutory notice of her claim, and that the City did not have any actual awareness of fault

that might otherwise excuse Resendez's failure to provide the notice. We reverse and render.

## I.   BACKGROUND

This suit arises from a traffic accident that occurred on May 26, 2015. Resendez and her daughter Ramirez were passengers in an SUV that collided with a City garbage truck.

On May 18, 2016, Resendez sent a formal notice of her claim to the City. The notice explained that Resendez and her daughter had sustained injuries as a result of the collision. The notice declared that the collision was proximately caused by the negligence of the driver of the garbage truck, a City employee named Gilbert Garza Jr., as well as the negligence of the SUV's driver, Roy Heysquierdo. Resendez later filed suit against the City and Heysquierdo for negligence.

The City filed a plea to the jurisdiction. In it, the City alleged that Resendez's formal notice was not filed within six months of the collision, as required by the Texas Tort Claims Act ("TTCA"). *See* TEX. CIV. PRAC. & REM. CODE § 101.101(a) (West, Westlaw through 2017 1st C.S.). Instead, Resendez delayed nearly a year after the collision before providing notice.

The City's plea acknowledged that "actual notice" may serve as a substitute for formal notice in some circumstances, but only if the City had actual awareness of its employee's probable fault in causing the accident or injuries. The City asserted that it had no actual awareness that its employee Garza caused the accident and that, in all likelihood, Heysquierdo was solely to blame.

As support, the City submitted the police report for the accident, which attributed fault for the collision exclusively to Heysquierdo. According to the report, the City's

garbage truck was three quarters of the way through an intersection when Heysquierdo approached in the cross-bound lane. The report stated that the collision occurred because Heysquierdo "failed to control [his] speed."

In its brief, the City explains that Resendez never filed a response to its plea to the jurisdiction with the trial court, but that she did submit a response, including various exhibits, directly to the City. The City describes the exhibits as documents detailing the City's investigation into the collision. Resendez's response and its exhibits do not appear in the appellate record.

Following a hearing, the trial court granted the City's plea to the jurisdiction with respect to Resendez individually, which Resendez did not appeal. However, the trial court denied the plea with respect to Resendez as next friend of Ramirez. The City filed this interlocutory appeal challenging the denial of its plea as to Resendez's claim on behalf of Ramirez.[1]

## II.    NOTICE

By its first issue, the City contends that Resendez failed to provide a notice of claim to the City within six months of the collision, as required by the TTCA. By its second issue, the City asserts that the lack of notice is not excused because the City had no actual awareness that its employee was at fault in causing the collision.

### A.    Standard of Review

We review the disposition of a jurisdictional plea de novo. *Suarez v. City of Tex. City,* 465 S.W.3d 623, 632 (Tex. 2015). It is the plaintiff's initial burden to affirmatively

---

[1] A person may appeal from an interlocutory order of a district court that grants or denies a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2017 1st C.S.).

demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

## B. Applicable Law

Generally, governmental entities are immune from suits seeking to impose tort liability on them. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 775 (Tex. 2018). Immunity deprives trial courts of subject matter jurisdiction, absent a waiver of the immunity. *Id.* The TTCA provides a waiver of immunity for certain personal injuries caused by operation of a vehicle. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (West, Westlaw through 2017 1st C.S.). A prerequisite for that waiver of immunity is timely providing the governmental unit with a notice of claim. *Tenorio*, 543 S.W.3d at 775.[2] Under the TTCA, a governmental unit must be given written notice of a claim against it "not later than six months after the day that the incident giving rise to the claim occurred."

---

[2] *See also* TEX. GOV'T CODE ANN. § 311.034 (West, Westlaw through 2017 1st C.S.) ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.").

4

TEX. CIV. PRAC. & REM. CODE § 101.101(a).[3] The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam).

However, the notice requirements in the TTCA do not apply if a governmental unit has actual notice. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c); *Tenorio*, 543 S.W.3d at 776. A governmental unit has actual notice under the TTCA if it has knowledge of (1) a death, injury, or property damage; (2) the governmental unit's fault that produced or contributed to the death, injury, or property damage; and (3) the identity of the parties involved. *Cathey*, 900 S.W.2d at 341. Knowledge that an injury has occurred, standing alone, is not sufficient to satisfy the second requirement. *See Tenorio*, 543 S.W.3d at 776. Rather, the governmental unit must have subjective awareness that its fault, as ultimately alleged by the claimant, produced or contributed to the claimed injuries. *Id.* Fault is not synonymous with liability; it implies responsibility for the injury claimed. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 550 (Tex. 2010).

"Actual notice may be imputed to the governmental entity by an agent or representative who receives notice of the *Cathey* elements and who is charged with a duty to investigate the facts and report them to a person of sufficient authority." *La Joya Indep. Sch. Dist. v. Gonzalez*, 532 S.W.3d 892, 898 (Tex. App.—Corpus Christi 2017, pet. filed) (quoting *Univ. of Tex. Health Sci. Ctr. at Houston v. McQueen*, 431 S.W.3d 750, 755 (Tex. App.—Houston [14th Dist.] 2014, no pet.)). Whether a governmental unit has

---

[3] Claimants must also comply with any proper time requirements for notice that a city has adopted by charter or ordinance. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(b). The City's charter requires written notice of claim be filed with the city secretary, in a prescribed manner, within one hundred eighty days after the injury is sustained. CORPUS CHRISTI, TEX., CITY CHARTER art. X, § 10 (2006).

actual notice is a fact question when the evidence is disputed, but it is a question of law when the evidence is undisputed. *Tenorio*, 543 S.W.3d at 776.

## C.    Discussion

It is undisputed that Resendez did not provide formal notice of her claims within the time allotted by section 101.101(a) of the TTCA.[4] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). The question is therefore whether the City was subjectively aware of its responsibility for Ramirez's injury. *See Tenorio*, 543 S.W.3d at 776.

In that regard, the sole evidence before us is the police report that was submitted by the City. *See Miranda*, 133 S.W.3d at 227. The report describes the circumstances of the collision and attributes fault solely to Heysquierdo's failure to control his speed. Nothing in the report could have apprised the City that its employee Garza was in any way responsible for the collision. "When a police report does not indicate that the governmental unit was at fault, the governmental unit has little, if any, incentive to investigate its potential liability because" it is likely unaware that liability is even at issue. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 539 (Tex. 2010) (per curiam).

---

[4] Resendez has not challenged whether the TTCA's notice requirements apply to Ramirez, a minor, in light of the open courts provision of the Texas Constitution. *See* TEX. CONST. art. I, § 13; *Alvarado v. City of Lubbock*, 685 S.W.2d 646, 649 (Tex. 1985). Instead, Resendez argued in the trial court that she had satisfied the TTCA's notice requirements, and she has not filed a brief on appeal. Recent precedent suggests that an open courts challenge to the TTCA's notice requirements would have limited prospects of success, especially because Resendez filed suit on her daughter's behalf within the limitations period. *See Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698, 703–04 (Tex. 2014); *Rath v. State*, 788 S.W.2d 48, 51–52 (Tex. App.—Corpus Christi 1990, writ denied) (rejecting an open courts challenge and holding that where the guardian of a person without legal capacity filed suit on her behalf within limitations, that guardian should have been able to comply with the TTCA's notice requirements). Regardless, because no party has challenged the applicability of the notice requirements, we decide this case under the parties' shared assumption that they apply. *See Hegar v. Tex. Small Tobacco Coal.*, 496 S.W.3d 778, 785 (Tex. 2016) ("No party questions the applicability of the presumption of constitutionality here."); *see also Parallel Networks, LLC v. Jenner & Block LLP*, No. 05-13-00748-CV, 2015 WL 5904685, at *5 n.2 (Tex. App.—Dallas Oct. 9, 2015, pet. denied) (mem. op.) ("Because the parties both refer to the FAA, and neither party disputes that the FAA applies, we apply the FAA.").

6

The City also refers to the exhibits that Resendez included in her response to the plea to the jurisdiction, which the City has attached to its brief on appeal. The City asserts that these exhibits only reinforce the notion that Garza was not responsible for the collision. According to the City, some of the exhibits point out that Heysquierdo was formally cited by the police for his involvement in the collision, whereas Garza was not. Furthermore, other exhibits describe the results of internal investigations which concluded that Garza was blameless.

However, neither the response nor its exhibits were filed in the trial court, and they do not appear in the appellate record. We do not consider attachments to briefs that were not part of the trial court record and are not formally included in the appellate record. *Black v. Shor*, 443 S.W.3d 170, 174 n.3 (Tex. App.—Corpus Christi 2013, no pet.); *see Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001) (per curiam). These exhibits are not properly before us.

Rather, the only relevant evidence in the record was the police report, stating that the City's employee was not to blame for the collision that caused Ramirez's injury. This does not show that the City had actual notice of its fault. *See Tenorio*, 543 S.W.3d at 776; *see also Brown v. Corpus Christi Reg'l Transp. Auth.*, No. 13-15-00188-CV, 2017 WL 2806775, at *3 (Tex. App.—Corpus Christi June 29, 2017, pet. denied) (mem. op.) (finding no actual notice in large part because the police report attributed fault solely to the plaintiff rather than governmental-employee motorist); *Tex. Dep't of State Health Servs. v. Gonzalez*, No. 13-14-00259-CV, 2014 WL 7205332, at *5 (Tex. App.—Corpus Christi Dec. 18, 2014, no pet.) (mem. op.) (finding no actual notice in part because the police report did not attribute any fault to governmental-employee motorist); *Muniz v. Cameron Cty.*, No. 13-10-00689-CV, 2012 WL 1656326, at *5 (Tex. App.—Corpus Christi

7

May 10, 2012, pet. denied) (mem. op.) (same).  The evidence therefore does not raise a question of fact on the jurisdictional issue of the City's actual notice.  *See Miranda*, 133 S.W.3d at 228.

We sustain the City's first and second issues.

This leaves the question of whether the trial court should have allowed Resendez the opportunity to replead or should have outright dismissed her claims on behalf of Ramirez.  If pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiffs should ordinarily be afforded the opportunity to amend.  *Id.* at 226–27.  However, dismissal is appropriate if the pleadings or record conclusively negate the existence of jurisdiction.  *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012).

Here, the lack of any viable form of notice under the TTCA represents an incurable defect in jurisdiction.  *See Miranda*, 133 S.W.3d at 226–27*.*  Because the record conclusively negates the existence of jurisdiction, the trial court erred in not granting the City's plea to the jurisdiction and dismissing Resendez's claims as next friend of Ramirez.  *See Rusk*, 392 S.W.3d at 96.

### III.    CONCLUSION

We reverse the trial court's denial of the City's plea to the jurisdiction and render judgment dismissing the case for lack of subject matter jurisdiction.

NELDA RODRIGUEZ
Justice

Delivered and filed the
28th day of June, 2018.